IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY M. PEAVY,

Plaintiff, No. 2:12-cv-2092 MCE GGH P

vs.

ROHLFING, et al.,

Defendants. ORDER

______________________________/

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). This case, filed on August 3, 2012, was transferred in from the Northern District to this court on August 9, 2012.

By order, filed on August 23, 2012, plaintiff was directed to file a completed application to proceed in forma pauperis. On August 27, 2012, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee

in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The complaint states a colorable claim for relief for inadequate medical care for serious medical conditions against defendants Dr. Rohlfing and Dr. Abdur-Rahman, as well as, but in his official capacity only (injunctive relief), Dr. L.D. Zamora, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

However, to the extent plaintiff intends to sue High Desert State Prison for his claims that he has not received treatment for his Hepatitus C infection or for his chronic pain as a result of spinal fractures and arthritis, plaintiff is informed that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against High Desert State Prison are frivolous and must be dismissed.

As to defendant Dr. Bonnie Lee, plaintiff's only reference to her is that she granted his appeal at the informal level. As to defendants Dr. Lee and Dr. D. Swingle and Dr. L. D. Zamora, plaintiff has failed to link these individuals to any act or omission that he contends violated his constitutional rights. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent that plaintiff intended to allege a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care with respect to defendants Lee, Swingle and Zamora, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

> A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir.2002) (citation and internal quotation marks omitted). Under this standard, the prison official must not

> only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290 F.3d at 1188 (citation omitted). FN4 This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839, 114 S.Ct. 1970. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." McGuckin, 974 F.2d at 1059 (alteration and citation omitted).
>
> > FN4. In a recent case, we recognized that "deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir.2003) (citations omitted); see also Gibson, 290 F.3d at 1197 (acknowledging that a plaintiff may demonstrate that officers "must have known" of a risk of harm by showing the obvious and extreme nature of a detainee's abnormal behavior). []

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff seeks both money damages and injunctive relief. Defendants Lee and Swingle will be dismissed altogether and defendant Zamora will be dismissed in his individual capacity only. Defendant Zamora, Chief of the Correctional Health Care Services, suffices to be an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants High Desert State Prison (HDSP), Lee and Swingle are dismissed altogether as are plaintiff's claims against defendant Zamora in his individual capacity for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that defendants HDSP, Lee and Swingle and defendant Zamora, in his individual capacity, be dismissed from this action.

\\\\\

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: September 20, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
peav2092.b1